UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CLEVELAND GARNER, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | 12-CV-3318 |
| ) | |
| VIPIN SHAH,[1] ) | |
| ROGER E. WALKER, ) | |
| MICHAEL P. RANDLE, ) | |
| MEDICAL DIRECTOR, and ) | |
| RICHARD YOUNG, ) | |
| ) | |
|    Defendants. ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and incarcerated in Pinckneyville Correctional Center, seeks treatment for alleged painful muscle spasms and numbness in his limbs. This case was transferred here from the Northern District of Illinois in November 2012. The case is now before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

---

[1] Plaintiff identifies this Defendant as "Shah Vi Pink," but the Court believes from its experience in prior cases that the correct name is "Vipin K. Shah, M.D.."

1

## LEGAL STANDARD

The Court is required by § 1915A to review a Complaint filed by a prisoner against a governmental entity or officer and, through such process, to identify cognizable claims, dismissing any claim that is "frivolous, malicious, or fails to state a claim upon which relief may be granted." A hearing is held if necessary to assist the Court in this review, but, in this case, the Court concludes that no hearing is necessary. The Complaint and its attachments are clear enough on their own for this Court to perform its merit review of Plaintiff's Complaint.

The review standard under § 1915A is the same as the notice pleading standard under Federal Rule of Civil Procedure 12(b)(6). Zimmerman v. Tribble, 226 F.3d 568, 571 (7th Cir. 2000). To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations must give enough detail to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007)(*quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)(add'l citation omitted)). The factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" Id. (*quoting* Bell Atlantic, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged . . . .  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)(*citing* Bell Atlantic, 550 U.S. at 555-56).  However, pro se pleadings are liberally construed when applying this standard.  Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009).

                                ANALYSIS

The Eighth Amendment to the U.S. Constitution prohibits cruel and unusual punishment by government employees.  In the context of this case, cruel and unusual punishment arises when prison officials are deliberately indifferent to an inmate's serious medical needs.  The medical need must be objectively serious, and the official must intentionally or recklessly disregard that need.  Arnett v. Webster, 658 F.3d 742, 750 (7th Cir.2011); Gomez v. Randle, 680 F.3d 859, 865 (7th Cir. 2012).  A condition can be considered serious if, without treatment, the plaintiff suffered "'further significant injury or unnecessary and wanton infliction of pain.'" Id.

Plaintiff alleges that he has been suffering from painful muscle spasms and numbness for the past ten years during his incarceration in the Illinois Department of Corrections.  Some days the pain is so severe that he cannot walk or get out of bed.  The only treatment he has received is Tylenol, aspirin, and muscle relaxants,

none of which he contends helps ease his pain. He asks for diagnostic testing and effective treatment.

The Court concludes that Plaintiff states a plausible inference for an Eighth Amendment claim of deliberate indifference to his serious medical needs. Plaintiff's own description of his pain and difficulty functioning allows an inference of a serious medical need. The doctors' persistence in prescribing ineffective pain medicine and alleged refusal to conduct diagnostic tests allow an inference of deliberate indifference at this stage.

However, the non-medical Defendants are entitled to rely on the diagnosis and treatment decisions of the medical professionals. Defendants without medical training are generally entitled to, and must, rely on the medical professionals to diagnose and treat an inmate's medical conditions. Greeno v. Daley, 414 F.3d 645, 656 (7th Cir. 2005)("'If a prisoner is under the care of medical experts... a nonmedical prison official will generally be justified in believing that the prisoner is in capable hands.'")(quoted cite omitted). Because a plausible claim against the non-medical defendants cannot be discerned, Defendants Walker, Randle, Godinez, and Young will be dismissed.

Plaintiff sues the "Medical Director," but he does not state whether he means the Medical Director of Western Illinois Correctional Center or the IDOC Medical Director. The Court will add the IDOC Medical Director as a Defendant because

4

Plaintiff appears to seek injunctive relief. However, in order to hold the IDOC Medical Director liable, Plaintiff must show that the Medical Director was personally responsible for depriving Plaintiff of medical care and has the authority to direct Plaintiff's current treatment. The IDOC Medical Director is not liable for the constitutional violations of his subordinates simply because he is in charge. Kuhn v. Goodlaw, 678 F.3d. 552, 555 (7th Cir. 2012)("§ 1983 liability is premised on the wrongdoer's personal responsibility").

Plaintiff seeks proper testing and treatment, but he is no longer incarcerated at Western Illinois Correctional Center. The only relief he can seek against Dr. Shah is money damages. As discussed above, injunctive relief might be available against the IDOC Medical Director, but only if the Medical Director is personally responsible for Plaintiff's current lack of medical care. If Plaintiff has exhausted his administrative remedies at Pinckneyville Correctional Center, he may add as Defendants his treating physician or physicians at Pinckneyville, if Plaintiff still seeks injunctive relief.

IT IS THEREFORE ORDERED:

1) The merit review scheduled for January 22, 2013 is cancelled. The clerk is directed to notify Plaintiff's prison of the cancellation.

2) The clerk is directed to correct the spelling of Defendant "Pink's" name to "Vipin K. Shah, M.D.."

3) The clerk is directed to substitute Dr. Louis Shicker for the Defendant "Medical Director." Dr. Shicker's waiver of service should be sent to Dr. Louis Shicker, IDOC Medical Director, 100 West Randolph, Suite 4-200, Chicago, Illinois 60601.

4) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states an Eighth Amendment claim for deliberate indifference to his serious medical needs against Defendants Dr. Shah and Dr. Shicker. This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

5) Defendants Walker, Randle, Godinez, and Young are dismissed for failure to state a claim against them.

6) The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and, 4) this order.

7) If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that

Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

8) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effecting service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

9) Defendants shall file an answer within the time prescribed by Local Rule. A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

10)   Plaintiff shall serve upon any Defendant who has been served but who is not represented by counsel a copy of every filing submitted by Plaintiff for consideration by the Court and shall also file a certificate of service stating the date on which the copy was mailed.  Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk

or that fails to include a required certificate of service will be stricken by the Court.

11) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

12) This cause is set for further scheduling procedures under Fed. R. Civ. P. 16 on March 11, 2013 at 11:00 a.m. (or as soon as the Court can reach the case) before U. S. District Judge Sue E. Myerscough by telephone conference. The conference will be cancelled if service has been accomplished and no pending issues need discussion. Accordingly, no writ will issue for Plaintiff's presence unless directed by the Court.

13) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

14) Plaintiff shall immediately notify the Court of any change in his mailing address and telephone number. Plaintiff's failure to notify the

Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

ENTERED: 1/11/2013

FOR THE COURT:

                                          **s/Sue E. Myerscough**
                                      SUE E. MYERSCOUGH
                              UNITED STATES DISTRICT JUDGE